UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

JAMI FELL,                                           Case No.:  DL 17-05001
                                                     Chapter 13
       Debtor.                              Hon. Scott W. Dales
_____//                    Filed:  October 30, 2017

**TRUSTEE'S MOTION TO DISMISS CHAPTER 13 CASE
WITH REQUEST FOR BAR TO RE-FILING**

**NOW COMES** Barbara P. Foley, Trustee, by and through her Attorney, Courtney K. Roberts, and for her *Motion to Dismiss Chapter 13 Case with Bar to Re-filing* states as follows:

1. On October 30, 2017, Jami Fell ("Debtor") filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.  The case has not been converted, dismissed, or reinstated.

2. Debtor has had three prior Chapter 7 bankruptcy cases in the Western District of Michigan that resulted in a Chapter 7 discharge in each case:  95-83913, 02-10929, and 10-12538.

3. Debtor has had at least 11 prior Chapter 13 cases in the Western District of Michigan, all of which were dismissed and did not result in a Chapter 13 discharge:  01-05796; 03-06348; 04-01790; 04-06637; 04-08793; 04-11015; 04-15087; 05-03093; 05-12376; 16-02365; and 17-04174.

4. Debtor's prior bankruptcies are not accurately reflected on her bankruptcy petition, with the petition erroneously indicating that two of the cases were in the district of Detroit, and with adversary proceeding GL 16-80248 listed as a prior bankruptcy when it was incident to dismissed core bankruptcy proceeding GL 16-02365 [DN 1, page 3].

1

5.   Debtor's 2016 case, GL 16-02365, was dismissed on June 7, 2017, for failure to make payments as required by the confirmed Chapter 13 plan.

6.   Debtor's first case in 2017, DL 17-04174, was filed September 5, 2017, and was dismissed October 5, 2017, for failure to file documents.  Debtor did not make a payment during the short life of that case, and no 341 was scheduled due to Debtor's failure to file a creditor matrix.

7.   As previously stated, Debtor filed the present case, which is at least her twelfth Chapter 13 case since 2001, on October 30, 2017.

8.   Debtor has failed to commence making payments to the current Chapter 13 case, as is required by 11 U.S.C. § 1325(a)(1)(A), and the Chapter 13 Trustee moves to dismiss Debtor's Chapter 13 case pursuant to 11 U.S.C. § 1307(c)(4).

9.   Debtor's Chapter 13 plan proposes treatment of her attorney's fees, and proposes for Debtor to act as her own disbursing agent in relation to a Jeep Compass lease; it does not propose treatment for any other secured or priority creditors, and proposes a dividend of $500.00 to general unsecured creditors [DN 8].

10.   The lack of creditors receiving treatment under the terms of the Chapter 13 plan, coupled with Debtor's failure to successfully complete prior Chapter 13 cases and her failure to make a Chapter 13 plan payment in this case, spurs the Trustee to move to dismiss Debtor's Chapter 13 case pursuant to 11 U.S.C. § 1307(c)(1) because the case appears to have been filed with the primary purpose of unreasonably hindering or delaying creditors.

11.   Furthermore, Debtor failed to appear on December 1, 2017, at the first meeting of creditors required to be held pursuant to 11 U.S.C. § 341.

12.     This is Debtor's second bankruptcy case pending the past 180 days, and Debtor has violated orders of this Court by failing to make the requisite filings and by failing to make payments as required by the U.S. Bankruptcy Code.  11 U.S.C. § 109(g).

13.     Debtor's conduct in the present and immediately prior case, as well as failing to make plan payments in her Chapter 13 cases over the past two years, is an abuse of the Bankruptcy process and is prejudicial to creditors.  *See* 11 U.S.C. §§ 1307(c)(1), (4) & (6).

14.     The Trustee asserts that it is both reasonable and within the Court's powers to prevent further abuse of the bankruptcy process to dismiss the current Chapter 13 case with the imposition of a 180 day bar to Debtors filing a new Chapter 13 case.  11 U.S.C. § 105(a).

**WHEREFORE** the Trustee respectfully requests that this Court enter an Order dismissing Debtor's Chapter 13 case, barring Debtor from filing a new bankruptcy for at least 180 days, and imposing what other conditions the Court deems reasonable to prevent further abuse of the bankruptcy process.

Respectfully submitted,

BARBARA P. FOLEY
CHAPTER 13 TRUSTEE

December 1, 2017

/s/ Courtney K. Roberts
Courtney K. Roberts (P64717)
Attorney for Barbara P. Foley
Chapter 13 Trustee
229 E. Michigan Avenue, Suite 440
Kalamazoo, MI  49007
Phone:  (269) 343-0305, ext. 206
E-Mail: croberts@chpt13.com